# United States Court of Appeals
# for the Fifth Circuit

————————

No. 23-50523
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2024

Lyle W. Cayce
Clerk

IN THE MATTER OF MOHAMMAD REZA ASSADI

*Debtor*,

MOHAMMAD REZA ASSADI,

*Appellant*,

*versus*

RANDOLPH N. OSHEROW; AMIR BATOEI,

*Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-989

————————————————————

Before DAVIS, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:*

   This is the third appeal to this Court the *pro se* debtor Mohammad
Reza Assadi (Assadi) has lodged seeking review of bankruptcy court rulings

————————————————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50523

in this case. Unfortunately, Assadi fares no better on this appeal. After careful review of the briefs and the record, we AFFIRM the judgment of the district court.

## I.

Assadi filed a voluntary petition under Chapter 11 of the Bankruptcy Code after a judgment was entered against him in state court for over $742,000.00. The state court judgment involved alleged fraudulent conduct by Assadi in connection with two real estate properties, namely the "Austin" property and the "Lee County" property. The bankruptcy had no significant assets except for these two properties, and the bankruptcy court converted the proceedings to a Chapter 7 bankruptcy proceeding. Assadi challenged this involuntary conversion, but it was affirmed by the district court and this Court.[1]

After considering the significant liability resulting from the state court judgment, the trustee elected to compromise that judgment, which decision the bankruptcy court approved. Assadi challenged that ruling, which was affirmed by the district court and this Court.[2]

Thereafter, Assadi challenged almost every order issued by the bankruptcy court. The rulings of the bankruptcy court affirmed by the district court that are the subject of this appeal are: (1) order granting the Trustee's application to employ special appellate counsel, (2) order granting the Trustee's motion to pay fees of the accountants retained by the Trustee to prepare tax returns for the bankruptcy estate, (3) order granting the motion

---

[1] *In re Assadi*, No. 21-50293, 2021 WL 4889196 (5th Cir. Oct. 19, 2021).

[2] *In re Assadi*, No. 22-50452, 2022 WL 17819599 (5th Cir. Dec. 20, 2022).

No. 23-50523

filed by Creditor Batoei for payment of post-petition attorney's fees, and (4) order denying Assadi's motion for recusal.

## II.

We have reviewed all of these rulings and find no error. As noted by the bankruptcy court, hiring of special counsel to represent the estate during the appellate process is within the Trustee's prerogative. With regard to the payment of accountant fees, Assadi failed to identify and challenge the appropriateness of any specific fees and failed to support his contention that the fees were excessive. We find no abuse of discretion by the bankruptcy court in approving the $6,387.50 payment. We agree with the district court that the bankruptcy court properly found that a secured creditor need not be a prevailing party to recover attorney's fees.[3]

Assadi also argues that his due process rights were violated because the bankruptcy ruled on motions without conducting an evidentiary hearing. Assadi received notice of and had an opportunity to file oppositions to the various motions, which he did. Due process does not require a hearing on every motion.[4]

Finally, Assadi argues (for the third time) that the bankruptcy judge was biased and should have disqualified himself. The record reflects the bankruptcy judge's patience in considering Assadi's claims and no evidence of bias.

---

[3] Under 11 U.S.C. §506(b), "there shall be allowed to the holder of [an allowed secured claim secured by property], interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose."

[4] *See In re: Krueger* 812 F.3d 365, 370 (5th Cir. 2016).

No. 23-50523

## III.

Because we find no error in the bankruptcy court's rulings, we AFFIRM the judgment of the district court.